**HARRISON BEVERAGE CO., Inc., v. WOOD-COCK, Director of Prohibition, et al.**

No. 4958.

Circuit Court of Appeals, Third Circuit.

Oct. 2, 1933.

Harry Grossman, of Elizabeth, N. J. (Harold Simandl, of Newark, N. J., and Abram M. Frumberg, of New York City, of counsel), for appellant.

Harlan Besson, of Hoboken, N. J. (Norman J. Morrison, of Washington, D. C., and J. Bertram Wegman and Joseph Millenson,

442

Sp. Assts. to Atty. Gen., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

The appellant filed a bill in this case in the Court of Chancery of New Jersey wherein it alleged that prohibition agents were unlawfully stationed upon its premises and in its brewery twenty-four hours a day and that the brewery was kept under constant surveillance day and night contrary to the laws regulating inspection of the brewery under the National Prohibition Act (27 USCA).

Upon reading the bill, the Court of Chancery granted a rule to show cause why an injunction should not issue, in accordance with the prayer of the bill, with a temporary order restraining the agents from entering into the brewery and remaining therein between the hours of 4 o'clock in the afternoon and 7:30 in the forenoon, during which time the brewery was not to be operated.

Thereupon the District Court issued a writ of certiorari under the provisions of section 76, title 28 USCA, commanding the Court of Chancery to transmit the proceedings before it to the District Court.

Notice of a motion was then filed by the appellees in the District Court to vacate the temporary restraining order of the Court of Chancery. Upon the return day, the District Court vacated and set aside that part of the order which restrained the prohibition agents from entering the premises and remaining in the brewery between the hours of 4 o'clock in the afternoon and 7:30 o'clock in the forenoon.

An appeal was taken from this order and a supersedeas was allowed by this court with the proviso that the brewery was not to operate between the hours of 4 o'clock in the afternoon and 7:30 in the forenoon.

Since the appeal was argued in this court, it has come to the attention of the court that the permit of the appellant for the year 1932, under which the brewery operated, has expired and a new permit to manufacture beer not exceeding 3.2 per cent. of alcohol was issued to the appellant; that this permit has been revoked and the brewery is not now being operated. Consequently, the questions involved in this case have become moot, and so the appeal is dismissed.